IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 1:15-cv-00628-CBS

ELIZABETH W. O'DELL,

        Plaintiff,

v.

CAROLYN W. COLVIN,

        Defendant.

---

## MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Craig B. Shaffer

    This action comes before the court pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33, for review of the Commissioner of Social Security's final decision denying Elizabeth W. O'Dell's ("Plaintiff") application for Disability Insurance Benefits ("DIB"). Pursuant to the Order reassigning the case, dated December 30, 2015, this civil action was referred to the Magistrate Judge for all purposes pursuant to D.C.Colo.LCivR 72.2 and Title 28 U.S.C. § 636(c). *See* Doc. 20. The court has carefully considered the Complaint (filed March 27, 2015) (Doc. 1), Defendant's Answer (filed September 8, 2015) (Doc. 10), Plaintiff's Opening Brief (filed November 12, 2015) (Doc. 16), Defendant's Response Brief (filed December 14, 2015) (Doc. 17), Plaintiff's Reply Brief (filed December 29, 2015) (Doc. 18), the entire case file, the administrative record, and the applicable law. For the following reasons, the court REMANDS the Commissioner's decision for further proceedings.

## BACKGROUND

In April 2012, Plaintiff filed an application for disability benefits and alleged that she became disabled in September 2010. (*See* Social Security Administrative Record (hereinafter "AR") at 11, 112-18). Plaintiff alleged that her ability to work was limited by diabetes, carpal tunnel, peripheral artery disease, leg problems, and sleep apnea. *See id.* at 143. Plaintiff was born on September 10, 1958, and was 52 years old at the time of her alleged disability onset. *Id.* at 31, 112. She is a high school graduate and has received training as a real estate agent. *Id.* at 144. She has past work experience as a real estate agent, gas station cashier, truck driver, and nursing home cook. *Id.* After her initial application was denied, Plaintiff requested a hearing, which was held on August 23, 2013, before an Administrative Law Judge ("ALJ"). *See id.* at 27-55, 74-75.

On October 30, 2013, the ALJ issued his decision denying benefits. *Id.* at 8-26. The ALJ's opinion followed the five-step process outlined in the Social Security regulations.[1] At step one, the ALJ found that Plaintiff was not engaged in substantial gainful employment from September 11, 2010, through March 31, 2013.[2] *Id.* at 13. At step two, the ALJ found that Plaintiff had the following severe impairments: (1) diabetes mellitus; and (2) peripheral vascular disease. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment that met or medically equaled a listed impairment. *Id.* at 15-16.

The ALJ then assessed the following residual functional capacity ("RFC"):

---

[1] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to past relevant work; and, if not (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); 20 C.F.R. §§ 404.1520 and 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). After step three, the ALJ is required to assess the claimant's functional residual capacity. 20 C.F.R. § 404.1520(e). The claimant has the burden of proof in steps one through four. The Social Security Administration bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[2] Plaintiff only applied for DIB, and her insured status expired on March 31, 2013. AR at 11, 13, 131. Thus, it is a closed period of disability.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could frequently balance, stoop, kneel, crouch and crawl; occasionally climb ramps and stairs; and never climb ladders, ropes or scaffolds. The claimant could perform frequent handling bilaterally and frequent fingering bilaterally.

*Id*. at 16.

At step four, the ALJ concluded that through the date last insured, Plaintiff was able to perform three positions from her past relevant work. *Id*. at 21. Consequently, the ALJ found that Plaintiff did not meet the definition of "disabled" for purposes of the Social Security Act. *Id*. at 22. Accordingly, Plaintiff's application for DIB was denied.

Following the ALJ's decision, Plaintiff requested review by the Appeals Council. *Id*. at 7. The Appeals Council denied her request on January 22, 2015. *Id*. at 1-6. The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on March 27, 2015. Doc. 1. The court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is

more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff raises numerous arguments on appeal. One of those arguments — the ALJ erred in his evaluation of a treating source opinion — is sufficient on its own to warrant reversal. Therefore, the court declines to address the others as they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

Dr. Giovana M. Garcia, M.D., began treating Plaintiff in October 2011, for various complaints including those related to her diabetes. AR at 368. Following an examination, Dr. Garcia offered an assessment that included, among other things, diabetes mellitus, neuropathy, and peripheral vascular disease. At that time, Plaintiff listed amongst her symptoms decreased mobility, joint pain, spasms, and weakness. *Id*. at 370.

Dr. Garcia continued to treat Plaintiff throughout the remainder of 2011, and in November, Plaintiff returned to Dr. Garcia and again complained of numbness in her legs and said that her medication made her dizzy. *Id*. at 359. At her appointment in February 2012, Plaintiff also reported that she had muscle weakness. *Id*. at 353. The treatment notes further state that Plaintiff's diabetic neuropathy was uncontrolled. *Id*. at 352. Similarly, in August 2012, Plaintiff reported to Dr. Garcia that her bilateral leg cramps were severe and generally lasted seven days. *Id*. at 412. Plaintiff stated that there were no relieving factors. *Id*.

In June 2013, Dr. Garcia completed a "Medical Source Statement." *Id*. at 421- 25. In this statement, Dr. Garcia limited Plaintiff to sitting and standing for ten minutes at a time for a total of less than two hour per day. *Id*. at 422. She also stated that Plaintiff would need to change positions at will, and would need permission to walk around during the workday. *Id*. at 423. Dr. Garcia also opined that Plaintiff would need to elevate her legs with prolonged sitting, and that she would require an assistive device — such as a cane — when standing or walking. *Id*. She also believed that Plaintiff's impairments would result in Plaintiff's absence from work more than four days per month. *Id*. at 425. The ALJ concluded that Dr. Garcia's opinions were entitled to little weight.[3] *Id*. at 20-21. However, because this conclusion was not adequately substantiated, remand is required.

In reviewing the ALJ's opinion, the court must avoid a "post hoc effort to salvage the ALJ's decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (internal quotation marks omitted). Rather, the court must evaluate the determination "based solely on the reasons stated in the decision." *Id*. Accordingly, when considering the opinions of a treating physician, the ALJ must "give good reasons in the notice of determination or decision for the

---

[3] Although not explicitly addressed, as it should have been, it is apparent that the ALJ concluded that these findings were not entitled to controlling weight.

weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). In the Tenth Circuit, courts require a level of specificity sufficient "to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. In the absence of such articulation, the court cannot determine whether there is sufficient evidence to support the ALJ's conclusions or if the ALJ even applied the appropriate legal standard. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). There can be no meaningful review absent express findings explaining the weight assigned to the treating physician's opinions. *Watkins*, 350 F.3d at 1301.

The opinions of a treating source are entitled to controlling weight when they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with other substantial evidence in the record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Further, they cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision. 20 C.F.R. § 404.1527(d)(2). Good cause may be found when an opinion is brief, conclusory, or unsupported by the medical evidence. *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Under the regulation, even when a treating source is not given controlling weight, "[t]reating source medical opinions are . . . entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Watkins*, 350 F.3d at 1300 (quoting SSR 96-2p). The Tenth Circuit has set forth those factors as

> (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which

> an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotation marks omitted). Although the ALJ's decision need not include an explicit discussion of each factor, *see Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), the record must reflect that the ALJ considered every factor in the weight calculation. *See* 20 C.F.R. § 404.1527(d)(2) ("[W]e apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion."); SSR 96–2p, 1996 WL 374188, at *4 ("Treating source medical opinions . . . must be weighed using *all* of the factors provided . . . ." (emphasis added)).

In discussing Dr. Garcia's opinion, the ALJ outlined the various restrictions set out in the "Medical Source Statement." AR at 20. Then, in assigning "little weight" to her opinions, the ALJ stated: "Dr. Garcia's opinions are extreme compared to her own observations and findings, the claimant's performance during the consultative examination and the objective medical evidence." *Id.* at 20-21. This solitary statement is problematic because it prohibits any meaningful review of the ALJ's conclusion.

The ALJ does not specify which of Dr. Garcia's opinions he considered to be extreme, nor does the ALJ actually delineate which of Dr. Garcia's "observations and findings" he is relying on for his comparison. Similarly, it is entirely unclear which aspects of the consultative examination the ALJ was relying upon. Further, the ALJ has made no effort at discussing — or even citing — the specific portions of the objective evidence that support his position.

In the Response, Defendant argues that the ALJ thoroughly discussed the medical and other evidence in the case and pointed out where it was inconsistent with a disability finding. Doc. 17 at 9 n.5. Defendant relies on *Endriss v. Astrue*, 506 F. App'x 772 (10th Cir. 2012), for

the proposition that the ALJ was not required to repetitively restate the evidence he had already discussed. The court is not persuaded by this argument.

The holding in *Endriss* is not as broad as Defendant wishes. In *Endriss*, the ALJ discussed the opinions of two separate treating physicians and assigned both opinions little weight. *Endriss*, 506 F. App'x at 775-77. In discussing the opinion of the first doctor, the ALJ cited to a number of exhibits in the record that supported his position. *Id*. at 775. And although the ALJ did not contemporaneously discuss those records, the ALJ had, a few pages earlier, made several observations about them. *Id*. However, when discussing the opinions of the second doctor, the ALJ was not as detailed in his treatment, and only cited the "objective medical evidence." Nevertheless, the Tenth Circuit observed that the opinions and restrictions from the second doctor were nearly identical to those of the first. *Id*. at 776-77. Consequently, the court concluded that the ALJ's reference to "objective medical evidence" meant the same evidence from the same exhibits he relied on in his discussion of the first doctor. *Id*. The court concluded that, because of the earlier discussion, the ALJ was not required to recite the same evidence again. *Id*. at 777.

Here, however, the ALJ did not cite any specific evidence to support his conclusions about Dr. Garcia's proffered restrictions. Although the ALJ did discuss the medical records in general — and made various observations regarding how these records reflected Plaintiff's alleged limitations — he did not attempt to make any specific connections between this objective evidence and Dr. Garcia's "Medical Source Statement" or the weight that should be afforded to it. Unlike in *Endriss*, there were no identical medical opinions, or discussions of those opinions, from which the court could draw a parallel. Thus, this situation is distinguishable, and Defendant's reliance on *Endriss* is misplaced.

It is entirely possible that the medical evidence *could* support the weight afforded to Dr. Garcia's "Medical Source Statement." But this court will not undertake a post hoc effort to justify the ALJ's conclusions. To do so would "overstep our institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. Without any supporting evidentiary citations or specificity, the ALJ's assertions regarding Dr. Garcia's opinions are little more than conclusory statements and must be remanded for further explanation.

In addition, this court is also concerned with the ALJ's apparent failure to consider any factor other than supportability. It is certainly appropriate to consider the amount of objective support for the conclusions expressed in a treating physician's opinions. *See* 20 C.F.R. § 404.1527(d)(3) (noting that the more a medical source is supported by other findings, the more weight the source is given). And ultimately, supportability might prove to be determinative in this case. However, that can only be decided after a consideration of the other factors. These include the fact of examination, the length of the treatment relationship and frequency of examination, and the nature and extent of the treating relationship. *See* 20 C.F.R. § 404.1527(d)(1) – (2). These factors may not uniformly weigh in favor of Dr. Garcia, but given the length and apparent regularity of her treating relationship with Plaintiff, they would not be insignificant and, ultimately, they must be considered. Given the ALJ's single, cursory statement about Dr. Garcia's opinions, the court is not satisfied that the ALJ considered all of the relevant factors applicable to treating source opinions.

For these reasons, the court concludes that remand is warranted.[4]

---

[4] By this decision, the court is neither finding nor implying that Plaintiff is or should be found to be disabled.

**CONCLUSION**

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED at Denver, Colorado, this 27th day of September, 2016.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge